IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HPROF, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>OMAR GAGNI, HELEN GAGNI, and DOES 1-5, inclusive,<br><br>        Defendants. | Case No. 13-cv-3280 JSC<br><br>**ORDER GRANTING IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE** |

Plaintiff brought this state law unlawful detainer action against Defendants in the Superior Court of California for the County of Solano seeking to evict Defendants from real property located at 4941 Paramount Way, Fairfield, California. Defendants subsequently purported to remove the action to this Court asserting federal question jurisdiction. Defendants have filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) The Court has reviewed the IFP Application and finds that Defendants qualify. Therefore, the IFP Application is GRANTED.

Defendants, as the party seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992).

Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and determined that federal question jurisdiction does not exist.

"Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1-1, p. 10.)  Therefore, this Court does not have federal question jurisdiction. *ING Bank, FSB,* 2012 WL 2077311, at *1. That Defendants' answer raised federal questions is irrelevant; a defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses. *Holmes Group, Inc. v. Vornado Air Circulation*, 535 U.S. 826, 830-31 (2002); *Federal Nat. Mortg. Ass'n v. Sue Lin Poh*, No. 12-2707, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) (remanding removed unlawful detainer action).

Accordingly, Defendants are ordered to show cause why this case should not be remanded to the Alameda County Superior Court. In particular, if Defendants believe that this Court has subject matter jurisdiction, they shall file a response in writing by **August 2, 2013** that demonstrates why this Court has jurisdiction. Defendants are warned that failure to file a response may result in remand of this action to state court for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated:  July 19, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE